**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENNEAST PIPELINE COMPANY, LLC** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:18-281** |
| v. | : | (JUDGE MANNION) |
| **A PERMANENT EASEMENT OF 0.60 ACRE ± AND A TEMPORARY EASEMENT OF 0.60 ACRE ± IN TOWAMENSING TOWNSHIP, CARBON COUNTY, PENNSYLVANIA, TAX PARCEL NOS. 16-56-A73.05 AND 16B-56-A7; SUSANA V. BULLRICH; BANK OF AMERICA, N.A.; AND ALL UNKNOWN OWNERS** | : : : : : | |
| **Defendants** | : | |

## MEMORANDUM

I. **INTRODUCTION**

Presently before the court is a motion for preliminary injunction (Doc. 17) filed by the plaintiff, PennEast Pipeline Company, LLC ("PennEast"). After considering the hearing testimony and opposing briefs, this court will **GRANT** plaintiff's motion.

## II. BACKGROUND

On September 24, 2015, PennEast filed an application with the Federal Energy Regulatory Commission ("FERC") under section 7(c) of the Natural Gas Act ("NGA"), 15 U.S.C. §717f(c), and parts 157 and 284 of the FERC's regulations, to obtain a certificate of public convenience and necessity for its project to construct and operate a natural gas pipeline in Pennsylvania and New Jersey. (Doc. 2-2, at 2). FERC mailed a letter to affected landowners, describing the project and inviting them to participate in the environmental review process. (Doc. 2-2, at 36). On July 22, 2016, FERC issued a draft environmental impact statement ("EIS"), setting a public comment period from July 29, 2016 to September 12, 2016. (Doc. 2-2, at 37). FERC staff held six public comment meetings between August 15 and 17, 2016, at which over four hundred speakers commented. (Doc. 2-2, at 37). FERC also received over four thousand written comments in response to the draft EIS. (Doc. 2-2, at 37).

On November 4, 2016, FERC sent a letter to landowners regarding thirty-three route modifications and allowed an additional thirty day comment period. (Doc. 2-2, at 37). On April 7, 2017, FERC issued a final EIS. (Doc. 2-2, at 37). Thereafter, on January 19, 2018, FERC issued an order granting

PennEast a certificate of public convenience and necessity to construct and operate a new pipeline, known as the PennEast Project. (Doc. 2-2, at 2).

On February 6, 2018, PennEast filed a verified complaint in eminent domain (Doc. 1) against the defendants pursuant to Federal Rule of Civil Procedure 71.1. In order to construct, operate, and maintain the FERC-approved project, PennEast needs to obtain rights of way as described and depicted in Exhibits A-1 (Doc. 2) and A-2 (Doc. 2-1) attached to the complaint in this action. (Doc. 15-2, at 4). On April 30, 2018, PennEast filed a motion for partial summary judgment (Doc. 15) and a corresponding brief in support (Doc. 16). That same day, PennEast filed a motion for preliminary injunction (Doc. 17) and corresponding brief in support (Doc. 18). Defendant/landowner Susana V. Bullrich ("Bullrich") filed a brief in opposition to both motions (Doc. 20, Doc. 21). Then, PennEast filed a consolidated reply brief to both motions on May 29, 2018. (Doc. 23). On November 27, 2018, a hearing was held before this court regarding PennEast's motions.

### III. LEGAL STANDARD

"[O]nce a district court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the

PennEast a certificate of public convenience and necessity to construct and operate a new pipeline, known as the PennEast Project. (Doc. 2-2, at 2).

On February 6, 2018, PennEast filed a verified complaint in eminent domain (Doc. 1) against the defendants pursuant to Federal Rule of Civil Procedure 71.1. In order to construct, operate, and maintain the FERC-approved project, PennEast needs to obtain rights of way as described and depicted in Exhibits A-1 (Doc. 2) and A-2 (Doc. 2-1) attached to the complaint in this action. (Doc. 15-2, at 4). On April 30, 2018, PennEast filed a motion for partial summary judgment (Doc. 15) and a corresponding brief in support (Doc. 16). That same day, PennEast filed a motion for preliminary injunction (Doc. 17) and corresponding brief in support (Doc. 18). Defendant/landowner Susana V. Bullrich ("Bullrich") filed a brief in opposition to both motions (Doc. 20, Doc. 21). Then, PennEast filed a consolidated reply brief to both motions on May 29, 2018. (Doc. 23). On November 27, 2018, a hearing was held before this court regarding PennEast's motions.

### III. LEGAL STANDARD

"[O]nce a district court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the

issuance of a preliminary injunction." *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); *see also Transcontinental Gas Pipe Line Company, LLC v. Permanent Easements for 2.14 Acres, et al.*, 907 F.3d 725, 739 (3d Cir. 2018) ("And this Court too, albeit with less discussion, has ruled that where summary judgment is properly granted on a condemnation complaint, a preliminary injunction is appropriate as well.").

In order to determine whether a party is entitled to a preliminary injunction, the court must consider: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and 4) whether granting preliminary relief will be in the public interest." *Columbia Gas Transmission, LLC v. 1.01 Acres, et al.*, 768 F.3d 300, 315 (quoting *Am. Express Travel Related Servs. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012). "The first two factors are the 'most critical.'" *Transcontinental*, 907 F.3d at 732 (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). Once the first two factors are met, "the court 'then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.'" *Id.* at n.44 (quoting *Reilly*, 858 F.3d at 179)

## IV. DISCUSSION

### A. LIKELIHOOD OF SUCCESS ON THE MERITS

PennEast has already succeeded on the merits. "A preliminary injunction in a condemnation case is unlike preliminary injunctions in other types of civil matters because the plaintiff requests a decision on the merits of the matter at the same time." *Transcontinental*, 2017 WL 3624250, at *7, *aff'd* 907 F.3d 725 (3d. Cir 2018). As in *Transcontinental* and *Columbia*, "there is no remaining merits issue; we have ruled that [PennEast] has the right to the easements by eminent domain. The only issue is the amount of just compensation—which will definitely be determined…but the result of which can have no affect [sic] on [PennEast's] rights to the [easements]." *Transcontinental*, 2017 WL 3624250 at *7, *aff'd* 907 F.3d 725 (3d. Cir 2018) (quoting *Columbia*, 768 F.3d at 315).

Further, the Third Circuit has held "the NGA's grant of standard condemnation powers to natural gas companies does not preclude federal courts from granting equitable relief in the form of a preliminary injunction when gas companies have obtained the substantive right to condemn and otherwise qualify for equitable relief. *Transcontinental*, 907 F.3d at 741. Thus, since it has been determined that PennEast has the substantive right to

condemn the rights of way at issue; the likelihood of success on the merits has been established. Accordingly, this factor favors PennEast.

### B. IRREPARABLE HARM TO THE MOVING PARTY

PennEast will suffer irreparable harm if a preliminary injunction is not granted. In opposition to the preliminary injunction, Bullrich raises several arguments. Many of these arguments are identical to those raised in opposition to partial summary judgment and have already been addressed in a separate memorandum issued today. (Doc. 39). Bullrich's remaining arguments involve concerns that PennEast is attempting to acquire rights that are beyond the scope of the FERC order. Specifically, Bullrich alleges that PennEast is attempting to change the size of the pipe to be installed, install items and/or facilities not approved by the FERC, and use the pipe to transport a commodity other than natural gas. (Doc. 20). These arguments were addressed by counsel for both parties when they amended PennEast's proposed order following a hearing before this court. As such, these arguments are moot.

These arguments are insufficient to defeat PennEast's claims of irreparable harm. First, PennEast argues that they cannot begin construction until they survey the Bullrich property. (Doc. 18, at 13-14). Any delay in

construction can, in turn, impact PennEast's ability to meet the construction deadline of January 1, 2020 set forth in the FERC order. (Doc. 18, at 16). Aside from the obvious financial setbacks of failing to meet their construction deadline, additional delay also increases the risk that PennEast could forfeit their one million ($1,000,000.) dollar permit application fee with the Pennsylvania Department of Environmental Protection ("PADEP"). The PADEP has informed PennEast that every survey must be complete before the agency will complete its administrative review and render a decision on PennEast's application, which must be completed prior to construction. If PennEast fails to submit this information to PADEP by December 31, 2018, its application may be considered withdrawn, potentially resulting in the loss of PennEast's one million dollar permit application fee. The survey of the Bullrich property is the only survey of Pennsylvania properties that still needs to be completed. As the final piece in the "construction puzzle," the effect of timeliness in this instance can have an enormous effect on the entire PennEast Project. *Transcontinental Gas Pipe Line Company, LLC v. Permanent Easement for 3.24 Acres, et al.*, No. 17-542, 2017 WL 3485753, at \*3 (M.D.Pa. Aug. 15, 2017). As such, this factor weighs strongly in favor of PennEast.

## C. HARM TO THE NON-MOVING PARTY

Bullrich will not incur greater harm as a result of the granting of a preliminary injunction. As decided above, PennEast has the substantive right to possession of the property in question. Thus, since PennEast will eventually obtain possession; the only issue is the timing of that possession.

> [A]ny injury to [Bullrich] will arise from the [Natural Gas Act] and the FERC Order, and will occur regardless of whether the [c]ourt grants a preliminary injunction to [PennEast]. In the exercise of its discretion, the [c]ourt finds that the harm alleged by [Bullrich] weighs less heavily than the harms alleged by [PennEast]. *Constitution Pipeline Co.*, 2015 WL 12556145, at *5. Nothing indicates that [Bullrich] will suffer any greater harm by allowing [PennEast] to possess the property immediately instead of after trial and determination of just compensation. *Columbia Gas Transmission, LLC v. 0.85 Acres*, 2014 WL 4471541, at *7.

*Transcontinental*, 2017 WL 3624250, at *9, *aff'd*, 907 F.3d 725 (3d Cir. 2018). Bullrich offers no argument as to why immediate possession of the property would harm her more than possession at a later date. During oral argument, when Bullrich's counsel was asked to proffer the harm that Bullrich would incur, she elected not to introduce any evidence of harm to Bullrich. Additionally, PennEast will post sufficient bonds upon the grant of the preliminary injunction; therefore, any amount of money damages that Bullrich may suffer will be secure and a remedy will be available. Thus, this factor weighs in favor of PennEast.

**D. PUBLIC INTEREST**

The grant of a preliminary injunction is in the public interest because it will give the general public, in a vast area, access to natural gas to heat their homes. "Congress passed the Natural Gas Act and gave gas companies condemnation power to insure that consumers would have access to an adequate supply of natural gas at reasonable prices. *Transcontinental*, 2017 WL 3485753, at *5 (citing *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d at 830). In addition, FERC found the PennEast Project to be in the public interest when it issued PennEast a certificate of public convenience and necessity. For these reasons, this factor favors PennEast.

**V.   CONCLUSION**

For the reasons set forth above, plaintiff's motion for preliminary injunction shall be **GRANTED**. An appropriate order shall follow.

s/ <i>Malachy E. Mannion</i>

**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 3, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-281-02.docx