UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**PENNEAST PIPELINE COMPANY** :
**LLC,**
                                    :
    **Plaintiff**                             **CIVIL ACTION NO. 3:18-281**
                                    :
    **v.**                                    **(JUDGE MANNION)**
                                    :
**A PERMANENT EASEMENT OF**
**0.60 ACRE +/- AND A**                  :
**TEMPORARY EASEMENT OF**
**0.60 ACRE +/- IN TOWAMENSING** :
**TOWNSHIP, CARBON COUNTY,**
**PENNSYLVANIA, TAX PARCEL**   :
**NOS. 16-56-A73 AND 16B-56-A7;**
**SUSANA BULLRICH; BANK OF**  :
**AMERICA, N.A.; AND ALL**
**KNOWN OWNERS**                      :
    **Defendants**                    :

<u>**MEMORANDUM**</u>

**I.    BACKGROUND**

Defendant has requested this court vacate the two December 3, 2018 orders, (Doc. 40 and Doc. 42.), as a matter of justice. This court previously granted partial summary judgment and a preliminary injunction for the plaintiff granting:

1. A permanent right of way and easement of 0.60 ± as depicted on Exhibits A-1 and A-2 hereto for the purpose of constructing, operating, maintaining, altering, repairing, replacing and removing a 36-inch diameter pipeline and all related

  equipment and appurtenances thereto (including but not limited to cathodic protection equipment) for the transportation of natural gas, as approved by the Order of the Federal Energy Regulatory Commission, dated January 19, 2018, Docket No. CP-15-558-000 ("FERC Order"); and conducting all other activities as approved by the FERC Order; together with all rights and benefits necessary for the full enjoyment and use of the right of way and easement, including rights of ingress and egress for the above-stated purposes. Further, Defendants shall not excavate, change the grade of or place any water impoundments or structures on the right of way and easement without the written consent of Plaintiff, nor may Defendants plant any trees, including trees considered as a growing crop, on the permanent right of way and easement; or use said permanent right of way or any part thereof in such a way as to interfere with Plaintiff's immediate and unimpeded access to said permanent right of way, or otherwise interfere with Plaintiff's lawful exercise of any of the rights herein granted without first having obtained Plaintiff's approval in writing; and Defendants will not permit others to do any of said acts without first having obtained Plaintiff's approval in writing. Plaintiff shall have the right from time to time at no additional cost to Defendants to cut and remove all trees including trees considered as a growing crop, all undergrowth and any other obstructions that may injure, endanger or interfere with the construction and use of said pipeline and all related equipment and appurtenances thereto;

2. A temporary workspace easement totaling 0.60 acre ± as described on Exhibits A-1 and A-2 hereto for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the FERC ORDER.

These orders were issued pursuant to plaintiff's authorization through the Federal Energy Regulatory Commission ("FERC") to construct a natural gas pipeline.

On December 16, 2021, FERC vacated the authorization for the PennEast Project, pending a leave of court to the District of Columbia Court of Appeals. (Doc. 71-1). On February 8, 2022, the District of Columbia Court of Appeals then remanded the case to FERC to vacate the authorizations and dismiss the pending certificate for the PennEast project. (Doc. 72-2).

After plaintiff lost authorization from FERC, plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 71.1(i)(1)(A) on September 27, 2021. Defendant objected to the dismissal pursuant to F.R.C.P. 71.1(i)(1)(C) stating that plaintiff already took title, a lesser interest, or possession, which therefore required compensation.

Presently before the court remains defendant's motion to vacate the orders granting partial summary judgment and a preliminary injunction. The parties have sufficiently briefed the matter and the issues are ripe for disposition.

**II.   STANDARD**

A motion to dissolve an injunction asks the court to determine "whether the movant has made a showing that changed circumstances warrant the discontinuation of the order." Township of Franklin Sewerage Auth. v. Middlesex County Utils. Auth., 787 F.2d 117, 121 (3d Cir. 1986).

### III. DISCUSSION

### a. Motion to vacate the court's December 3, 2018 Orders

"A district court is entitled to reconsider its interlocutory orders 'when it is consonant with justice to do so.'" Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008) (citing United States v. Jerry, 487 F.2d 600, 605 (3d Cir.1973)).Alea N. Am. Ins. Co., 301 F. App'x at 121. A motion to dissolve an injunction requires the court to assess "whether the movant has made a showing that changed circumstances warrant the discontinuation of the order." Township of Franklin Sewerage Auth., 787 F.2d at 121.

The circumstances underlying this case have significantly changed and in the interest of justice, this court must act. Plaintiff lost authorization from FERC to continue the project that originally granted plaintiff the ability to begin condemnation proceedings. Without such authorization, the condemnation and preliminary injunction no longer serve a public purpose for a natural gas pipeline. Thus, plaintiff is no longer entitled to a "permanent right of way and easement," (Doc. 40), nor is plaintiff entitled to the preliminary injunction granting immediate access to defendant's property, (Doc. 42).

Because authorization for the project has been wholly revoked, this court hereby vacates the December 3, 2018 orders granting a permanent

right of way and easement and the preliminary injunction granting plaintiff immediate access to the property.

### b. **Notice of Dismissal pursuant to F.R.C.P. 71.1(i)(1)(A)**

Under F.R.C.P. 71.1(i)(1)(A), a plaintiff may dismiss a suit, "if no compensation hearing on a piece of property has begun, and if plaintiff has not acquired title or a lesser interest or taken possession, the plaintiff may, without court order, dismiss the action as to that property by filing a notice of dismissal briefly describing the property." F.R.C.P. 71.1(i)(1)(A).

Plaintiff filed a notice of dismissal on September 28, 2021 pursuant to F.R.C.P. 71.1(i)(1)(A). However, plaintiff's notice of dismissal ignored a significant component of the rule that bars dismissal, "if no compensation hearing on a piece of property has begun, *and if plaintiff has not acquired title or a lesser interest or taken possession*…" F.R.C.P. 71.1(i)(1)(A) (emphasis added).

The Supreme Court of the United States has explained that a taking has occurred in a condemnation action "not…when the [condemnor] filed its declaration of taking," but "when [the condemnor] entered into possession of the land. United States v. Dow, 357 U.S. 17, 21 (1958). The court further elaborated that one enters into possession of the land when they exercise a right to "immediate possession" of the land at issue. Id. at 19.

This understanding is synonymous with Pennsylvania's eminent domain law. Pennsylvania courts have explained, "Taking occurs when title vests in the condemnor and the right of entry or possession accrues." <u>Appeal of Giesler</u>, 622 A.2d 408, 410 (Pa. Commw. Ct. 1993) (citing <u>West Penn Power Company v. Thomas</u>, 416 A.2d 578, 581 (Pa. Commw. Ct. 1980)).

This court's previous order, (Doc. 40), states that plaintiff was granted a "permanent right of way and easement." Additionally, plaintiff was granted "immediate and unimpeded access to said permanent right of way." (Doc. 40). Plaintiff was granted possession or at the very least a lesser interest in the land at the moment plaintiff exercised a right to "immediate possession," this being the moment the plaintiff received immediate possession as per the court's orders on December 3, 2018 granting the permanent right of way and easement with immediate access. (Doc. 40 and Doc. 42). <u>See also</u> <u>Const. Pipeline Co., LLC v. A Permanent Easement for 3.62 Acres & Temp. Easements for 3.08 Acres in Middleburgh, Schoharie Cnty., New York</u>, No. 114CV2000NAMDJS, 2020 WL 5666646, at *1 (N.D.N.Y. Sept. 17, 2020) (explaining that a lesser interest in the land arose when the preliminary injunction was issued condemning the property).

Because the plaintiff has received a lesser interest in the property, the case may not be dismissed and shall proceed to determine compensation.

### c. <u>Compensation</u>

The Third Circuit has held that when ascertaining compensation for land condemned under the Natural Gas Act, Pennsylvania's Eminent Domain law will apply. <u>Tennessee Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres, Permanent Overlay Easement for 1.709 Acres & Temp. Easements for 8.551 Acres in Milford & Westfall Townships, Pike Cnty., Pennsylvania, Tax Parcel Numbers</u>, 931 F.3d 237, 244 (3d Cir. 2019), <u>as amended</u> (July 25, 2019). Pennsylvania established a standard explaining that compensation shall be calculated as "the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected by the condemnation and the fair market value of the property interest remaining immediately after the condemnation and as affected by the condemnation." 26 Pa. C.S. §702(a). The fair market value of a property is "the price which would be agreed to by a willing and informed seller and buyer." 26 Pa. C.S. §703. Pennsylvania has identified four additional factors to consider when making the fair market value determination: (1) the present use of the property; (2) the highest and best reasonably available use of the property and its value for that use; (3) the machinery, equipment, and fixtures forming part of the real estate taken;

and (4) other factors as to which evidence may be offered as provided by Chapter 11.

Pennsylvania's process for determining compensation entails: (1) determining the property's pre-taking value; (2) assessing the effect of the easements on the property and decide the property's post-taking value; (3) determining the value of the temporary construction easement; and (4) reconciling the three preceding valuations to reach a conclusion on the amount owed by the condemnor to the condemnee. See Rover Pipeline LLC v. Rover Tract No. PA WA HL-004.500T, Comprised of Permanent Easement(s) Totaling 0.9 Acres, more or less, & Temp. Easement(s) Totaling 1.33 Acres, more or less, Over a Parcel of Land in Hanover Twp., Washington Cnty., Pennsylvania, Totaling 49.571 Acres, more or less, 813 F. App'x 740, 743 (3d Cir. 2020); UGI Sunbury LLC v. A Permanent Easement for 0.438 Acres, No. 3:16-CV-0794, 2021 WL 5889724, at *3 (M.D. Pa. Dec. 13, 2021), appeal dismissed sub nom. UGI Sunbury LLC v. Permanent Easement for 0.4308, No. 22-1083, 2022 WL 2713234 (3d Cir. Mar. 17, 2022).

In determining the value of the temporary easement, Pennsylvania courts have required parties to assess the fair market value of the land impacted by the easement and then used a valuation based on 10% of the

fair market value of the impacted land to account for the temporary nature of the taking. See Dep't of Transportation of Right-of-Way for State Route 00700, Section 21H, in the Borough of Bentleyville v. Bentleyville Garden Inn, Inc., 264 A.3d 415, 420 (Pa. Commw. Ct. 2021), appeal denied sub nom. Condemnation by Dep't of Transportation of Right-of-Way for State Route 00700, Section 21H, in Borough of Bentleyville v. Bentleyville Garden Inn, Inc., 275 A.3d 80 (Pa. 2022); Condemnation of Permanent & Temp. Rts. of Way for Transportation of Nat. Gas in Buffalo Twp. v. Nat'l Fuel Gas Supply Corp., No. 1093 C.D. 2017, 2018 WL 2945112, at *7 (Pa. Commw. Ct. June 13, 2018) (calculating the compensation by multiplying the acreage by the fair market value of the property and then taking that number and multiplying it by a 10% return). Pennsylvania courts have described this process as an equivalent value to renting the property for a period of time. See id.

Here, a temporary taking exists from the time the December 3, 2018 orders were issued until the date of the order accompanying this memorandum. Thus, compensation shall be based upon that timeframe.

The parties present competing evidence as to the valuation of the property and challenge the basis for each valuation. However, the court will not wade into the valuation of the property and what compensation is due. Under F.R.C.P. 71.1(h)(1)(B):

> In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined: …
>
> (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission.

In defendant's Answer, she requested a trial by jury. (Doc. 12). As F.R.C.P. 71.1(h)(1)(B) indicates, when a party demands a trial by jury within the time to answer, then the court must leave the factual determination of compensation up to the jury.

Under F.R.C.P. 16, parties are required to obey the deadlines set in a pretrial scheduling order. However, pursuant to F.R.C.P. 16(a)(b)(4), this court may amend its own scheduling orders. The Third Circuit has found that the district court has "sound discretion," which can only be abused if "there has been an interference with a substantial right," or "result[s] in fundamental unfairness in the trial of the case." Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983) (internal quotations and citations omitted).

While plaintiff challenges the defendant's submission of testimony regarding the valuation of the property, the parties will be allowed leave to submit expert testimony as to the valuation of the property. See Constitution Pipeline Company, LLC, v. A Permanent Easement for 1.06 Acres, No. 1:14-CV-02112, (N.D.N.Y. Jan. 6, 2022) (slip opinion); See also UGI Sunbury,

LLC v. Permanent Easement for 2.4645 Acres, No. 3:16-CV-00784, 2018 WL 571952, at *1 (M.D. Pa. Jan. 26, 2018). To further clarify this matter, F.R.C.P. 71.1(e)(3) states, "[A]t the trial on compensation, a defendant--whether or not it has previously appeared or answered--may present evidence on the amount of compensation to be paid and may share in the award." Both parties will be given the opportunity to submit expert evidence to provide a valuation of the property according to Pennsylvania's established compensation scheme.

The court will not determine compensation, but rather leave this matter up to the jury to decide. An order will follow instructing the parties to file expert opinions as to the valuation of the property under the established Pennsylvania eminent domain compensation scheme.

### IV.    CONCLUSION

For the foregoing reasons, this court's order granting partial summary judgment in favor of the plaintiff and preliminary injunction are vacated. Plaintiff's suit is not dismissed under F.R.C.P. 71.1(i)(1)(A) as the plaintiff acquired an interest in the property from the date of December 3, 2018 until the date of this memorandum and subsequent order. The matter of compensation shall proceed to trial by jury as requested by the defendant.

An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 29, 2022**
18-281-03